# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-0699V

|  |  |
|---|---|
| KRISTINE ELDRIDGE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 29, 2024 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On May 11, 2023, Kristine Eldridge filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On May 22, 2024, Petitioner filed an amended petition. Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") resulting from adverse effects of a tetanus vaccine received on August 30, 2021 in her right shoulder. Amended Petition at 1. Petitioner further alleges that the vaccine was administered in the United States, her symptoms have persisted for more than six months, and neither Petitioner, nor any other party, has ever filed any action or received or accepted compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Amended Petition at ¶¶ 4, 25-27. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 23, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 29, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $123,858.03. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $123,858.03 (comprised of $120,000.00 in pain and suffering and $3,858.03 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |
|---|---|
| KRISTINE ELDRIDGE, | |
| Petitioner, | |
| v. | No. 23-699V (ECF) |
| | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 11, 2023, Kristine Eldridge ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that she suffered a right-sided shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table following administration of an tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination that she received on August 30, 2021. ECF No. 1 at 1; *see also* ECF No. 22 at 1. On May 8, 2024, respondent filed an Amended Rule 4(c) Report, recommending that compensation be awarded.[1] ECF No. 20. On May 23, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement, agreeing with respondent that petitioner is entitled to compensation. ECF No. 23.

---

[1] Respondent initially filed a Rule 4(c) report on March 13, 2024, recommending that compensation be denied on the ground that petitioner had not satisfied the Act's severity requirement. ECF No. 16. However, respondent changed his recommendation after petitioner filed additional evidence.

## I.    Items of Compensation

### a.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$120,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### b.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury.  Respondent proffers that petitioner shoulder be awarded past unreimbursable expenses in the total amount of **$3,858.03**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. §300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through one lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

One lump sum payment of **$123,858.03**, in the form of a check payable to petitioner.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Joseph Leavitt*
JOSEPH D. LEAVITT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515
Email: joseph.leavitt@usdoj.gov

Dated: August 29, 2024